Daniels, J.
The motion has been made substantially upon two grounds, the first of which has already been considered, and relates to the question whether the complaint averred the performance of the condition precedent contained in the agreement which was annexed to and made a part of it. That it did not contain any express averment of the performance of the condition is entirely evident from its perusal, but that it did nevertheless assert such a performance is equally as clear from the language of the complaint. For the entire scope and theory of the plaintiff’s cause of action depended upon the fact that the play which was to be produced had been placed on the possession of the defendants. For it is their conduct in the production of the play which was made the ground of a claim for damages in the action. It was alleged that on the various occasions when they produced the play that they did it ih such an improper manner as to defeat the object and *675 purposes of the agreement. And it is entirely clear that the play could not have been produced at all by them had they not previously been placed in possession of it by the plaintiff as that had been provided for in the agreement. It accordingly is argumentatively disclosed by the complaint that the play had been placed in the possession of the defendants, and an argumentative or inferential averment is permitted by the practice unless a motion may be made for an order requiring the complaint to be more definite and certain. And whatever may be inferred logically and directly from the complaint is in judgment of law. contained in it. And as it is inferentially clear that the play had been delivered to and placed in the possession of the defendants, this was a sufficient compliance with the rule requiring a statement of the fact that the condition had been performed.
The other ground taken in support of the motion is that in another action brought by the defendants against the plaintiff and others in the second department, it has since been decided that the defendant’s obligations were conditional upon the delivery of the play to them. And so they were as that was considered when the decision in this appeal was made and announced, but that this condition had not been performed was not held or decided in the action prosecuted in Kings county. It was on the other hand held by the court that “Cowper was to and did furnish the parts of said play for stage purposes aiid his services as an actor in the principal role of said play to conduct and did conduct all rehearsals and all matters and duties pertaining to the stage department.” The case then proceeds with the findings that ■ the defendants in this action had themselves failed to perform, and for that reason judgment was directed and recovered against them dismissing their complaint in the action’in Kings county. How the proceedings in the action in that county, if they could properly be made the ground of an application for reargument, would help the defendants in this action it is impossible to discover, for nothing has been determined in their favor there requiring a different decision to be made upon the appeal taken in this case. But if the result of that action furnished any grounds for relief to the defendants in this action, they could not be considered upon a reargument of this appeal, for that is to be heard and determined as it has been, upon the papers which were before the special term. If that action supplies any legal defence to this suit it is for the defendants to interpose it by way of answer under the leave which was given to them when this decision was made. Neither on that account, nor upon any that has been suggested, or made to appear, *676 would a reargument be of the least service to the defendants in this appeal.
The motion should, therefore, be denied, with costs. Davis and Brady, JJ., concur.